**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-09031 BKT** |
| | **Chapter 7** |
| **JOSE L CALDERO PADILLA** | |
| **INES CABRERA MATOS** | |
| | |
| **Debtor(s)** | **FILED & ENTERED ON 1/14/2014** |

**OPINION AND ORDER**

Before this Court is Trustee's Motion to Reconsider Order Denying Trustee's Objection [Dkt. No. 31], and Debtors' Response to Trustee's Motion for Reconsideration [Dkt. No. 35]. For the reasons set forth below, the Trustee's Motion to Reconsider is hereby, GRANTED in part and DENIED in part.

**I.    Procedural Background**

Mr. José L. Caldero-Padilla and Mrs. Ines Cabrera-Matos ("Debtors") filed a joint petition seeking bankruptcy relief under 11 U.S.C. § 701, et seq.  On November 9, 2012, Ms. Noreen Wiscovitch-Rentas  ("Trustee") was duly appointed Chapter 7 Trustee. The Debtors filed several claims of exemptions in Schedule C of their bankruptcy petition, using state law 32 L.P.R.A. § 1130 as the statutory basis for the exemptions.  The Trustee, having requested a 30-day extension to object to the Debtors' claimed exemptions, timely filed the objection to exemptions claimed on February 18, 2013 [Dkt. No. 18].  The Debtors opposed the Trustee's objections to exemptions on March 15, 2013 [Dkt. No. 19].  An order was entered on May 16, 2013 compelling the Trustee to state her position as to the Debtors' opposition [Dkt. Mo. 23].  On May 29, 2013, an extension of time was

allowed for the Trustee to file her reply to the Debtors' opposition [Dkt. No. 26]. Upon the expiration of the term granted to reply, and upon the Trustee's noncompliance with the previous order, the Court denied the Trustee's objections to the claimed exemptions [Dkt. No. 28]. Shortly thereafter, the Trustee filed a Motion for Reconsideration [Dkt. No. 31] and the Debtors filed their opposition thereto. The Court will consider the merits of the Debtors' and the Trustee's arguments, and will be addressed separately with regards to each property that was claimed as exempt.

The Trustee argues that several of the exemptions claimed by the Debtors have exceeded the amount allowed under 32 L.P.R.A. § 1130. The Trustee also argues that other exemptions requested by the debtor are not available to them under 32 L.P.R.A. § 1130. The exemptions and their objections are as follows:

1. Real Property located at Carretera 803 km 6.4, Bo. Palos Blancos Corozal, PR, 00783, ("Palos Blancos"). Total amount of claimed exemption: $121,000.00.

2. Stove: $100.00; Refrigerator: $500.00; Microwave: $20.00; Kitchen Utensils: $100.00; Dinnerware: $50.00; Cookware: $25.00. Total amount of claimed exemption: $795.00.

3. Washer and Dryer. Total amount of claimed exemption: $150.00.

4. Living room set: $150.00; Bedroom set: $200.00; Chest and Nightstand: $50.00. Total amount of claimed exemption: $500.00.

5. Tables and Chairs. Total amount of claimed exemption: $200.00.

6. Television set: $400.00; DVD player: $50.00; VCR: $25.00; Compact Discs and DVD's: $25.00. Total amount of claimed exemption: $500.00.

7. Personal Clothes, Shoes, and Other Apparel. Total amount of claimed exemption: $300.00.

8. Mobile phones: Total amount of claimed exemption: $100.00.

9. 2000 model year Dodge Durango, Mileage: 112,978. VIN# 1B4HR28Y6YF162249. Total amount of claimed exemption: $1,669.00.

Trustee also argues that the Debtors have included in their Schedule B two additional properties that were not claimed as exempt and requests this Court to deem them as not exempt and property of the bankruptcy estate. These are:

1. Interest in Social Security as shown in Schedule I.

2. Interest (estate) in Real Property valued in $5,333.00 detailed in Amended Schedule B. Property is located at Carretera 159 km 9.2 Bo. Padilla Sector El Almendro, Corozal, PR 00783, ("El Almendro").

## II. Arguments as to the exemptions Claimed

A. Palos Blancos Real Property

The Debtors have claimed as exempt the real property that has been deemed as their primary residential property pursuant to 31 L.P.R.A. § 1851-1857, otherwise known as "Ley del Derecho a la Proteccion del Hogar Principal y el Hogar Familiar." The Trustee argues that § 1851-1857 requires the claimant of the homestead right to have properly recorded their right in the Property Registry, and said right must have already been annotated at the time of filing. The Debtors in their opposition to the Trustee's objections reason that the right to homestead protection is not created with the act of registering or the final annotation of the right in the Property Registry, but that it is actually created by a "Notarial Act" (public deed) stating the existence of the homestead protection. They have stated that they executed a public deed on November 1, 2012 and that said deed was presented for inscription in the Property Registry on November 2, 2012, one week before their petition for bankruptcy relief.

B.  Stove, Refrigerator, Microwave, Kitchen Utensils, Dinnerware, Cookware

The Debtors have claimed as exempt several kitchen appliances and utensils pursuant to 32 L.P.R.A. § 1130. The Trustee has filed his objections to the exemption of the stove, alleging that it exceeds the $200 exemption limit established in 32 L.P.R.A. § 1130.  In their opposition, the Debtors state that 32 L.P.R.A. § 1130 establishes limits with regards to individuals and because the present case is a jointly filed petition, the limits should be altered accordingly.  Regarding the stove and the microwave oven, the Trustee argues that because they are not expressly contained in 32 L.P.R.A. § 1130, they may not be claimed as exempt.

C.  Living room set, Bedroom set, Chest and Nightstand

The Trustee has objected to the claim of exemption regarding living room and bedroom furniture based on the fact that the Debtors have exceeded the limits set forth under 32 L.P.R.A. § 1130.  The Debtors reiterate their argument regarding the joint nature of their case and that the limits must be altered.

D.  Tables and Chairs

The Trustee again argues that the 32 L.P.R.A. § 1130 limits for tables and chairs have been surpassed. The Debtors reiterate that their case has been jointly filed and that the exemption limits must be altered.

E.  Television set, DVD player, VCR, Compact Discs, and DVD's

The Trustee has objected to the exemption of the TV because it exceeds the $200.00 limit established in 32 L.P.R.A. § 1130.  As for the DVD player, VCR, Compact Discs and DVD's, the Trustee has argued that because they are not expressly contained in 32 L.P.R.A. § 1130, they may

not be claimed as exempt. The Debtors have answered that VCR's and DVD players have an "intrinsic resemblance" to TV's and that 32 L.P.R.A. § 1130 must be interpreted as if it contains these appliances.

F.  Personal Clothes, Shoes, and Other Apparel

To the Trustee's argument that the claimed exemptions based on personal clothes, shoes, and other apparel have exceeded the $200 limit established in 32 L.P.R.A. § 1130, the Debtors have stated that 32 L.P.R.A. § 1130 protects limitlessly the kind of property claimed and that the Trustee had the opportunity in the § 341 meeting of creditors to scrutinize the property and the claim of exemption and did not do so.

G.  Mobile phones

The Debtors have not addressed the Trustee's arguments supporting her objection to the exemption of mobile phones. The Trustee states that mobile phones are not mentioned in 32 L.P.R.A. § 1130, therefore, they may not be claimed as exempt.

H.  2000 model year Dodge Durango

The Trustee states that 32 L.P.R.A. § 1130 only protects vehicles that are the debtor's working tools and that, as the Debtors are collecting Social Security, they cannot possibly be employed in a manner that would support a contention that their vehicle is a working tool. The Debtors have not directly addressed the Trustee's working tool argument in their opposition to the Trustee's objection, stating only that 32 L.P.R.A. § 1130(4)(a) has been interpreted in Quinones v. Gutierrez, 29 D.P.R. 772 (1921) as to include motor vehicles.

I.  Interest in Social Security

The Debtors' argument for the exemption of their interest in future Social Security payments is dual. First, they argue that a bankruptcy estate is created at the time of filing and that the assets of the estate are those that form part of the debtor's properties at the moment of filing. The future payments of Social Security benefits are not the Debtors' property yet. Therefore, future Social Security payments are not part of the bankruptcy estate and do not have to be stated in the schedules and do not have to be claimed as exempt. Their alternative argument is that 42 U.S.C. §407 (a) allows their interest in future Social Security payments to be exempt. The Trustee has responded that 11 U.S.C.A. § 541 dictates that futures Social Security payments are part of the bankruptcy estate and that if they were not an asset of the estate, there would be no reason for the existence of protective legislature regarding future Social Security payments, i.e. § 407.

J.   Interest (inheritance) in "El Almendro" Real Property

The Trustee argues that since the inheritance interest the Debtors have in "El Almendro" was not claimed as exempt, it too must form part of the bankruptcy estate. The interest was already part of the Debtors' property at the time of filing the petition for bankruptcy relied, making it an asset pursuant to 11 U.S.C.A. § 541. The Debtors have not addressed the Trustee's contention in their opposition.

**III.   Discussion**

11 U.S.C.A. § 522  provides debtors that have filed for bankruptcy relief the right to claim as exempt certain property as described within the law. Exemptions form a part of bankruptcy's "fresh start" goal, allowing the debtor to "maintain an appropriate standard of living as he or she goes forward after the bankruptcy case." 4 Collier on Bankruptcy ¶ 522.01 (Alan N. Resnick & Henry J. Sommer eds., 16th Ed.). When a debtor files for bankruptcy and wishes to claim certain property as

exempt, he or she must choose between the exemptions allowed within the Bankruptcy Code and other federal bankruptcy law or the exemptions allowed for under state law. A debtor may not combine state law and federal bankruptcy law in his or her list of exemptions. Id. The same applies to jointly filed petitions. Id. One spouse may not pick a federal exemption, while the other elects exemptions found strictly in state law. Id. Therefore, when a debtor chooses a state law for his exemptions, he is strictly limited to the exemptions contained in state law. Notwithstanding, under 11 U.S.C.A. § 522(m), debtors in a jointly filed petition may stack the value limits to their exemptions, effectively doubling the limits allowed for single debtor petitions. 4 Collier ¶ 522.04.

The Puerto Rico Supreme Court in Quinones v. Gutierrez, 29 D.P.R. 772 (1921) examined the scope of judicial interpretation allowed under 32 L.P.R.A. § 1130. The Supreme Court determined that exemption statutes were to be interpreted in the most favorable way to the debtor. There, the Court allowed a doctor who regularly took house calls to claim his automobile as exempt because it was a necessary working tool. The Court determined that when 32 L.P.R.A. § 1130 called for the protection of a doctor's "other equipment" that may be a necessary working tool; an automobile would have been interpreted to be "other equipment." The Puerto Rico legislature subsequently amended 32 L.P.R.A. § 1130 so that it would expressly protect any working man's vehicle that would serve as his or her necessary working tool. The Trustee seems to argue that In re Lowe, 252 B.R. 614 (Bankr. W.D.N.Y. 2000) precludes a liberal interpretation of exemption statutes. Nevertheless, the Lowe court has not done away with all liberal interpretation of exemption statutes. It only stated that "…exemption statutes are open to construction only where the language used therein requires interpretation or may be reasonably considered as ambiguous." Id. at 621. When an exemption statute is clear, open or liberal interpretation is not available. Yet, when the statute employs general or ambiguous language, liberal interpretative tools must be employed. It is

in these cases where interpretation must be done in the most favorable light with regards to the debtor.

Trustee has moved for reconsideration of this Courts order denying her objections to the Debtor's exemptions. We will address each objection separately and as follows:

A.  Palos Blancos Real Property

Puerto Rico's homestead exemption law, "Ley del Derecho a la Proteccion del Hogar Principal y el Hogar Familiar" 31 L.P.R.A. § 1851-1857, establishes the requirements for the application of the homestead exemption in Puerto Rico. It establishes in 31 L.P.R.A. § 1854 that a property owner who wishes to protect his property as his homestead will enact a public deed stating that he is in fact owner of the property and that the property is in fact his homestead. He may then register his right in the Property Registry, which will serve as public notice. "The fact that a property is not registered as a homestead and that no note has been made of the right thereto, in a registry of property, does not affect in any way the right of homestead which its owner may have therein as such head of a family." Id. In this case, the condition of exacting a public deed to claim the homestead protection was met. Here, the Debtors enacted the deed claiming the property as their homestead. The Debtors also presented the deed at the Property Registry prior to the filing of their bankruptcy case.

The Court finds that because the Debtors enacted the public deed before the filing for bankruptcy relief, the Debtors' homestead protection is enforceable within this bankruptcy proceeding.

B.  Stove, Refrigerator, Microwave, Kitchen Utensils, Dinnerware, Cookware

Regarding the refrigerator claimed as exempt, this Court finds that the Debtors are claiming

amounts exempt in excess of what is allowed in 32 L.P.R.A. §1130, which provides for exemptions up to $200.00 ($400.00 in jointly filed petitions). Therefore, Debtors may only claim $400.00 for a refrigerator and not the $500.00 that are claimed. Concerning the stove, microwave, kitchen utensils, dinnerware, and cookware; this Court finds that when 32 L.P.R.A. §1130 calls for the exemption of home-use kitchen; it does so under the broadest scope reasonably allowable in favor of the debtor. We find that construing the terms "dinnerware", "kitchen utensils", "microwaves", "stoves", and "cookware" as part of the general term "home-use kitchen" is a correct interpretation of 32 L.P.R.A. §1130.[1] A kitchen is not merely a room; it is the amalgam of any and all tools that are necessary for cooking. In following with the legislative intent of the statute, giving the debtor a chance to continue living life during and after bankruptcy relief, this Court finds that a liberal interpretation of the general term "home-use kitchen" is necessary. Being as there are no limits to the exemptions allowed under "home-use kitchen" in 32 L.P.R.A. §1130, this Court will allow the amount requested as exempt.

C. Living room set, Bedroom set, Chest and Nightstand

The Trustee has voluntarily withdrawn the objections pertaining to the claims of exemptions regarding the living room set, bedroom set, chest and nightstand. Therefore, this Court allows the exemptions claimed by the Debtors in their Schedule C.

D. Tables and Chairs

The Trustee has also voluntarily withdrawn the objections pertaining to the claims of

---

1 Kitchen: A room or a place equipped for cooking or preparing food. Random House Webster's College Dictionary, Random House, Inc, 1992.

exemptions regarding tables and chairs. Therefore, this Court allows the exemptions claimed by the Debtors in their Schedule C.

E. Television set, DVD player, VCRs, Compact Discs, and DVDs

This Court finds that the Debtors have a right to exemption of a television set up to a value of $400.00 due to the joint nature of the petition for bankruptcy. Also, this Court finds that the trivial amount requested for DVD players and VCRs allows the Debtors to claim exemptions for the appliances.

F. Personal Clothes, Shoes, and Other Apparel

This Court finds that 32 L.P.R.A. §1130(2) allows for the exemption without limit of any personal apparel of the debtor's. The $200.00 limit contained in the statute refers to the exemption of beds and bedspreads.

G. Mobile phones

This Court finds that 32 L.P.R.A. §1130 does not provide for the exemption of mobile phones. Thus, Debtors' request for exemption of mobile phones is denied.

H. 2000 model year Dodge Durango

This Court finds that the Debtors have not provided evidence regarding the automobile's working tool status. Therefore, they have not met the condition set forth under 32 L.P.R.A. §1130 for the exemption of an automobile as a working tool of the debtor's. Accordingly, Debtors' request for exemption of the 2000 Dodge Durango is denied.

I. Other Properties

The Trustee's objections as to an exemption to the future Social Security payments, as well

as an exemption to any future inheritance interest that the Debtors may have in El Almendro, are improper because these interests and/or properties were not claimed as exempt by the Debtors.

WHEREFORE, IT IS ORDERED that the Trustee's Motion for Reconsideration of Order shall be and hereby is GRANTED in part.

San Juan, Puerto Rico, this 13th day of January, 2014.

Brian K. Tester
U.S. Bankruptcy Judge